IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBBIE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 3:10-cv-2401-M |
| | § | |
| HUNT COUNTY, TEXAS and RANDY | § | |
| MEEKS, SHERIFF, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Strike Plaintiff's Expert [Docket Entry #27]. For the reasons stated below, the Motion is **GRANTED**.

### I. BACKGROUND

On March 15, 2011, the Court entered a Scheduling Order that set deadlines for, among other things, designation of expert witnesses:

> **Initial Designation of Experts**: Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each expert witness who will testify at trial on such issue(s) and otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)"), on or before **May 2, 2011**.

(Scheduling Order ¶ 5, ECF No. 16.) Rule 26(a)(2) states in relevant part,

> **(2)** *Disclosure of Expert Testimony.*
>   **(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>   **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
>   **(ii)** the facts or data considered by the witness in forming them;

>   **(iii)** any exhibits that will be used to summarize or support them;
>   **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
>   **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>   **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 56(a)(2)(B).

On April 27, 2011, Plaintiff Debbie Thomas filed her Designation of Expert Witnesses, which designates David Harris, CPA as an expert witness. Thomas's designation contains only the following statement about Harris: "Mr. Harris will testify regarding lost wages, the present value of past and future lost wages, the future value of lost, past and future wages, the value of lost earning capacity, and matters incident to Plaintiff's claim for damages." (Pl.'s Desig. Expert Wtns. 2, ECF No. 25.) The Designation also states that "Plaintiff will supplement this designation as soon as practicable, pursuant to, and as required by, [Rule] 26." (*Id.* at 2.)

On May 10, 2011, Defendants Hunt County and Randy Meeks filed their Motion to Strike, arguing that Thomas's Designation failed to include a written report or any of the information required by Rule 26(a)(2)(B). Defendants assert that Thomas's failure to comply with this requirement by the deadline set in the Scheduling Order has prejudiced them because without a report from Mr. Harris containing the information required by Rule 26(a)(2)(B), they cannot identify an appropriate expert to respond to any testimony that Mr. Harris may give. This is especially problematic, Defendants contend, in light of the June 17, 2011 deadline for responsive expert designations set by the Scheduling Order. Furthermore, Defendants argue that they cannot effectively conduct other discovery, including the deposition of Thomas, without advance notice of what facts have been provided to Mr. Harris.

Defendants request that the Court exclude Harris as an expert witness in this case, pursuant to Rule 37. In the alternative, Defendants request that the Court issue an order that (a) compels Thomas to produce a report for Harris that fully complies with Rule 26(a)(2)(B), within ten days of the order; (b) extends Defendants' deadline for designation of rebuttal witnesses until forty-five days after their receipt of Harris's report; and (c) awards Defendants their reasonable and necessary attorneys fees for preparing and filing the Motion to Strike.

Thomas did not respond to Defendants' Motion to Strike and has not supplemented her Designation of Expert Witnesses. Further, Thomas's counsel did not respond to the attempts of Defendants' counsel to confer before filing the Motion to Strike.

## II. ANALYSIS

Defendants ask the Court to exclude Harris as an expert, pursuant to Rule 37, which states in relevant part,

> **(c) Failure to Disclose; to Supplement an Earlier Response, or to Admit.**
> **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> **(B)** may inform the jury of the party's failure; and
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). In determining whether to exclude expert testimony under this rule, the Court examines four factors: (1) the explanation for the failure to properly designate the expert; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Brumfield v. Hollins*, 551 F.3d 322, 330 (5th Cir. 2008).

The first factor—the explanation for failure to properly designate the expert—clearly weighs in favor of excluding Harris because Thomas has provided no explanation for her failure to file the report by the deadline; in fact, she has not respond to Defendants' Motion whatsoever. This factor is especially relevant here because the exclusion of expert testimony is "particularly appropriate" where a party does not offer an adequate explanation for failing to comply with the deadlines established in a pretrial scheduling order. *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991); *accord Mannatech, Inc. v. Glycobiotics Int'l, Inc.*, 3:06-cv-471-BD, 2007 WL 4794109, at *2 (N.D. Tex. July 20, 2007) (Kaplan, Mag. J.).

Thomas's failure to respond is also relevant to the second factor—the importance of the testimony—because it is usually the party designating the expert who is most likely to possess information about the importance of that expert's testimony. *See Lee v. Valdez*, No. 3:07-cv-1298-D, 2008 WL 4287730, at *2 (N.D. Tex. Sept. 18, 2008) (Fitzwater, C.J.). It is for this reason that a designating party who fails to submit a report bears the burden of demonstrating that the designated expert "is not one 'retained or specially employed to provide expert testimony in this case,' and not one 'whose duties as an employee of the party regularly involve giving expert testimony.'" *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(B)). Without any input from Thomas, the Court cannot determine the importance of Harris's testimony. Thus, at best, this is neutral.

The third factor—potential prejudice in allowing the testimony—weighs in favor of excluding Harris from testifying. As explained above, Defendants have explained how Thomas's failure to provide an expert report has prejudiced their ability to select and prepare their own experts and to conduct even general discovery. Although one could conceivably argue that Defendants are not meaningfully prejudiced, the fact of the matter is that Thomas has not made such an argument, as she has not responded at all. It is in exactly these circumstances that

the Fifth Circuit has held that proof of a great degree of prejudice is not required to justify excluding expert testimony:

> *Although the degree of prejudice suffered by the plaintiff due to the late designation of an expert would not have been great*, a district court still has the discretion to control pretrial discovery and sanction a party's failure to follow a scheduling order. Such action is particularly appropriate here, where the defendants have failed to provide an adequate explanation for their failure to identify their expert within the designated timetable.

*1488, Inc.*, 939 F.2d at 1288–89 (emphasis added). Thus, the third factor weighs in favor of excluding Harris from testifying.

The fourth and final factor the Court considers is the availability of a continuance to cure such prejudice. It is unclear whether a continuance could cure the prejudice to Defendants because, given Thomas's complete failure to respond to this Motion, the Court cannot predict whether more time would lead to Thomas's compliance. This concern is especially relevant in this case because the Scheduling Order allows the parties to extend the deadlines for expert designation by agreement. (*See* Scheduling Order ¶ 5.) However, according to Defendants, not only did Thomas not seek an extension of the designation deadline, her counsel did not respond to the attempts of Defendants' counsel to confer regarding the Motion to Strike before it was filed. (Mot. Strike ¶ 9 at 4, 8); *see* Local Rule 7.1(a), (h). Because the Court is unable to conclude that Thomas would comply with a new deadline, and therefore that a continuance would cure the prejudice to Defendants, the fourth factor is at best neutral.

Furthermore, the Fifth Circuit has cautioned that even when a continuance would cure the prejudice caused by a party's failure to properly designate experts, "such a remedy would . . . entail[] additional expense to the [defendant]," and "would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708–09 (5th Cir. 2007) (internal quotation marks omitted) (quoting *1488, Inc.*, 939

F.2d at 1289). Thus, even if the Court could conclude that a continence would cure the prejudice to Defendants, providing that remedy to Thomas would not serve to enforce Court imposed scheduling orders.

The Court finds that the first and third factors weigh in favor of excluding Harris from testifying, and that the second and fourth factors are at best neutral. The Court cannot conclude, then, that Thomas's failure to provide an expert report for Harris was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). Therefore, Thomas "is not allowed to use [Harris] to supply evidence on a motion, at a hearing, or at trial." *Id.* This sanction is particularly appropriate in light of Thomas's failure to respond to Defendants' Motion to Strike and to confer with Defendants prior to their filing the Motion.

### III. CONCLUSION

For those reasons, Defendants' Motion to Strike is **GRANTED**, and the expert testimony of David Harris, CPA is excluded. Harris may not provide expert testimony to be used on a motion, at a hearing, or at trial. Having granted the primary relief requested by Defendants, the Court does not consider Defendants' alternative request for other sanctions.

**SO ORDERED**.

June 15, 2011.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**